(No. 78-CC-1414–)

LA SALLE NATIONAL BANK, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 5, 1982.*

H. BURTON SCHATZ and IRVING GOODMAN, for Claimant.

TYRONE C. FAHNER, Attorney General (GLEN P. LARNER, Assistant Attorney General, of counsel), for Respondent.

Roe, C. J.

This matter comes before the Court upon the joint stipulation of the parties and the recommendation of the commissioner assigned to the claim. The stipulation states as follows:

1. The instant claim seeks to recover damages for the breach of a lease agreement by Respondent, through its Department of Labor, Bureau of Employment Security.

2. The premises leased to Respondent were located at 1707 South Halsted Street in the city of Chicago Heights.

3. The lease was to have run from August 1, 1976, to July 1, 1981.

4. Respondent vacated the premises during the month of June 1978.

5. Approximately 14 months later on September 6, 1979, Claimant sold the premises to the city of Chicago Heights.

6. Respondent concedes that its abandonment of the premises was not entirely justified.

7. Both Claimant and Respondent agree that Claimant's damages amount to $10,000.00, and that said amount is due and owing to Claimant.

8. Claimant agrees that an award in that amount would constitute full and final satisfaction of its claim.

9. No other evidence, written or oral, will be pre-

sented to the Court, and both parties waive hearing and the submission of briefs.

10. There are no disputed questions of fact and both parties agree that the law dictates the granting of an award in the agreed upon amount.

The foregoing stipulation was agreed upon by the parties during a pretrial conference with commissioner Joseph P. Griffin. Commissioner Griffin has also approved of the stipulation and recommended the granting of an award based upon it.

Although the Court is not bound by agreements between the parties, it is not at all averse to an amicable settlement between the parties, so long as the settlement appears to be in the best interests of the State. The Court is also loath to interpose a controversy between parties where none otherwise exists.

The instant stipulation appears to be fair and reasonable, and, since the commissioner has given it his approval and made a recommendation for an award, we accept the stipulation.

An award is hereby granted to Claimant in the amount of $10,000.00.